# Richmond.

## HECKERT v. HILE'S ADM'R.

### JANUARY 11th, 1894.

#### Absent, Lewis, P., and Hinton, J.

1. LEGITIMACY—*Invalid marriage—Case at bar.*—Wife leaves her husband and goes to another State. He marries again, and has children born of the second marriage before the first is dissolved; *held,* those children are legitimate. Code, § 2554.
2. IDEM—*Cases compared.*—The case of *Greenhow* v. *James,* 80 Va., 636·; *held,* not to overrule *Stones* v. *Keeling,* 5 Call, 143.

Argued at Staunton.    Decided at Richmond.

Appeal from decree of circuit court of Rockingham county, rendered October 26, 1889, in two chancery causes, heard together, wherein C. Hartman was complainant and John M. Showalter's administrator was defendant in one, and John M. Showalter's administrator was complainant, and Peter Hile's administrator and others were defendants in the other. The decree being adverse to Margaret Heckert and others, they appealed. Opinion states the case.

*John E. Roller,* for appellants.

*Sipe & Harris,* for appellees.

LACY, J., delivered the opinion of the court.

The controversy in this case is between the children of Peter Hile by a lawful wife, who left her husband and went to the State of Michigan, and the children of said Peter Hile by another woman, married by him during the lifetime of his first wife, who were born before the dissolution of the marriage of the first wife. The circuit court decreed that the first marriage was lawful, and the children legitimate; that the second marriage was null, but that the children of this null marriage were legitimate—made so by our statute (section 2554 of the Code of Virginia), which declares that " the issue of marriages deemed null in law, or dissolved by a court, shall nevertheless be legitimate," and that the second set of children, being legitimate, inherited from the father as the first set, the issue of the legal marriage. There can be no doubt of the correctness of this decision. The case comes within the plain provision of the statute cited above, which is of ancient date in this commonwealth (Acts 1785, c. 60; Acts 1794, c. 93, § 19), and was carefully considered and construed in 1804 in this court, in the case of *Stones* v. *Keeling*, 5 Call, 143—a decision under which we have since rested. In that case the law was considered in every aspect under which it should be regarded, and was sustained and made effective.

But it is contended by the counsel for the appellants that a recent case in this court has substantially overruled *Stones* v. *Keeling*, and they cite *Greenhow* v. *James' ex'or*, 80 Va., 636; but we do not so regard it. That was the case of the illegitimate children of a white person by a negro, who left the State, and were married abroad. The distinction is sufficiently drawn in the opinion in that case; and in the case of *Stones* v. *Keeling*, *supra*, Judge Roane, who delivered one of the opinions in that case, does the same on page 148, saying: " The law concerning marriages is to be construed and understood in relation to those persons only to whom that law relates, and not to a class of persons clearly not within the idea of the legislature when contemplating the subject of marriage and legiti-

macy." The case of *Greenhow* v. *James* does not affect this case, nor the case of *Stones* v. *Keeling*, and the last-named case is a distinct authority on this case, and we think upon the plain terms of the law, and the reason of the legislature in enacting the same, is correct. We therefore affirm the decree of the circuit court of Rockingham county appealed from here.

FAUNTLEROY, J., dissented.

DECREE AFFIRMED.